# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00007-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>GORDIE LEROY PENSON, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's "Notice of Appeal" [Doc. 21] and the Defendant's "Request for Review of Detention Order" [Doc. 22].

## I. PROCEDURAL BACKGROUND

On February 4, 2015, the Defendant was charged in a Bill of Indictment with committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. The Defendant's initial appearance was held before the Honorable Dennis L. Howell, United States Magistrate Judge, on April 17, 2015, at which

time the Government requested detention. A detention hearing was scheduled for May 4, 2015.

At the detention hearing, the Government proffered the Pretrial Services report, outlining the Defendant's criminal history, for consideration by the Court. The Defendant presented the testimony of his wife, Rachel Qualls Penson, who indicated that she was willing to serve as a third party custodian for the Defendant. Defense counsel also argued for the Defendant's release under certain conditions, including electronic monitoring. Upon conclusion of the hearing, Judge Howell granted the Government's request for pretrial detention and ordered the Defendant detained. A Detention Order was entered on June 17, 2015 [Doc. 15], and an Addendum to that Order was entered on June 24, 2015 [Doc. 20].

On June 23, 2015, the Defendant's counsel moved to withdraw from further representation of the Defendant. [Doc. 18].[1] While that motion was still pending, the Defendant's counsel filed this appeal [Doc. 22]. The Court also received a pro se "Notice of Appeal" from the Defendant seeking review of the Court's Detention Order on the same day [Doc. 21].

---

[1] Judge Howell orally granted counsel's motion to withdraw on July 1, 2015. [See Minute Entry of July 1, 2015].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. ANALYSIS

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). There is a presumption of detention, rebuttable by the defendant, if the Court finds that

there is probable cause to believe that the defendant committed certain enumerated offenses. See 18 U.S.C. § 3142(e)(3).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. Based upon the record before the Court, the Court finds and concludes that there is probable cause to believe that the Defendant committed an offense under 18 U.S.C. § 924(c), thus giving rise to a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. See 18 U.S.C. § 3142(e)(3)(B).

The Court further finds and concludes that the Defendant has failed to rebut this presumption. The Defendant has been charged with robbery and discharging a firearm during that robbery, which are both crimes of violence and involve a firearm. See 18 U.S.C. § 3142(g)(1). While the Defendant has significant family ties in Buncombe County and has a history of employment, he also has a significant criminal history, including convictions for possession of crack cocaine, communicating threats, two counts of robbery with a dangerous weapon, and first degree kidnaping. Further, as the Magistrate Judge correctly noted, at the time of the Defendant's arrest, he had been released on bond in Buncombe County, North Carolina with regard to charges

5

of robbery with a dangerous weapon and possession of a firearm by a felon. See 18 U.S.C. § 3142(g)(3).

Based on the evidence presented, the Court agrees with the Magistrate Judge that there is clear and convincing evidence that the release of the Defendant would create a risk of harm or danger to another person or the community. See 18 U.S.C. § 3142(g)(4). Further, the Court finds by a preponderance of the evidence that the release of the Defendant would create a risk of flight on his part, as he faces a substantial sentence of imprisonment if convicted of the charged crimes.

Having conducted an independent review of the transcript of the detention hearing, the Order of Detention, and the Addendum thereto, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has not rebutted the presumption of detention. Accordingly, the Court will affirm the Defendant's detention pending trial.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of the Detention Order [Docs. 21, 22] is **DENIED**, and the Order of Detention [Doc. 15] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: July 3, 2015

Martin Reidinger
United States District Judge