# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15 cr 07

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| Vs. | ) | ORDER |
|  | ) |  |
| GORDIE LEROY PENSON. | ) |  |
|  | ) |  |

**THIS MATTER** has come before the undersigned pursuant to a Motion to Withdraw as Counsel of Record (#18) filed by Defendant's attorney Fredilyn Sison and also pursuant to a letter (#23) sent to the undersigned by Defendant which the undersigned has considered as a motion for substitution of counsel. Upon the call of this matter on for hearing it appeared that Defendant was present along with his attorney, Ms. Sison and the Government was present and represented through Assistant United States Attorney Tom Ascik. From the statements of Ms. Sison and the Defendant, the Court makes the following findings.

**Findings**. At the call of this matter on for hearing, the undersigned presented the issue that during the hearing of the motions, there was a possibility that confidential communications between Defendant and his counsel could be disclosed. As a result, the undersigned excluded all persons, including Mr. Ascik, from the room and conducted a sealed proceeding with Defendant which shall appear of

1

record. During that sealed proceeding the undersigned made an inquiry as to the reasons why Defendant did not wish for Ms. Sison to represent him further in this matter.

Upon further inquiry, the undersigned found that this matter was set for trial for the August 24, 2015 term of the District Court.

**Discussion**. An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the Motion to Withdraw should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motions herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the Defendant does not wish for Ms. Sison to represent him further; and (3) whether or not there is such a conflict between the Defendant and Ms. Sison that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

It appears to the undersigned that as of the date of the hearing of the motions there were 55 days within which for new counsel to be prepared to represent

Defendant in this matter. The undersigned has also considered the fact that if Ms. Sison was allowed to withdraw she could deliver to newly appointed counsel for Defendant a copy of her file and various documents which would save preparation time for the new attorney. This factor will be weighed in favor of granting the motion.

The undersigned made an inquiry as to the reasons for the conflict between the Defendant and Ms. Sison. That inquiry shall appear in the sealed proceedings. After hearing from both Ms. Sison and the Defendant, it appears that Defendant has a problem with Ms. Sison's representation of him in this matter. It is the opinion of this Court that the basis for the Defendant's opinion is lacking.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Defendant and Ms. Sison that shows there is a lack of communication between them preventing an adequate defense. It appears that such a lack of communication does exist in this matter, but not because of any act or lack of action by Ms. Sison.

After considering all of the factors, it appears that there is sufficient time before trial within which to appoint other counsel to represent Defendant and who can be prepared to try the case during the August 24, 2015 term of the District Court. As a result of the inquiry made by the undersigned the undersigned cannot find good

reason for the appointment of another attorney, however there does appear to be a lack of communication between Ms. Sison and Defendant that would prevent an adequate defense. Based upon the foregoing, the undersigned will enter and Order allowing the motion to withdraw and the motion for substitution of counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion to Withdraw as Counsel of Record (#18) filed by Fredilyn Sison and the letter (#23) filed by Defendant, which is being considered as a motion for substitution of counsel are hereby **ALLOWED.** It is further **ORDERED** that the Federal Defenders of Western North Carolina shall immediately appoint new counsel to represent the Defendant. Ms. Sison is also directed to provide new counsel with a copy of her file and all discovery in this matter to assist counsel in being prepared for the trial of this matter during the August 24, 2015 term.

Signed: July 7, 2015

Dennis L. Howell
United States Magistrate Judge