THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00007-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GORDIE LEROY PENSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 79].

**I.    BACKGROUND**

In August 2015, the Defendant Gordie Leroy Penson was found guilty by a jury of one count of robbery (Count One), one count of discharging of a firearm in relation to a crime of violence (Count Two), and one count of possession of a firearm by a convicted felon (Count Three).  [Doc. 36].  In February 2016, the Court sentenced him to a term of 41 months' imprisonment as to each of Counts 1 and 3 to run concurrently, and a term of 120 months' on Count 2 to run consecutively, for a total term of 161

months' imprsionment. [Doc. 46]. The Defendant is currently incarcerated at USP Atlanta, and his projected release date is September 28, 2026.[1]

On December 8, 2020, the Defendant filed the present letter, in which he appears to seek a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing COVID-19 pandemic and the risks that the pandemic poses to his mother. [Doc. 79].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Further, the Court

---

[1] See https://www.bop.gov/inmateloc/ (last visited Dec. 16, 2020).

2

Case 1:15-cr-00007-MR-WCM   Document 80   Filed 12/23/20   Page 2 of 4

of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

Here, the Defendant has failed to demonstrate that he has exhausted his administrative remedies at BOP or that 30 days have passed since making a request for compassionate release. Having failed to comply with the requirements of the statute, the Defendant's motion for compassionate release must be denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 79] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3

of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: December 23, 2020

Martin Reidinger
Chief United States District Judge